Fletcher, J.
The material facts in this case, which is trespass for an assault and battery, may be very briefly stated. The defendant was duly summoned as a witness to testify before the grand jury, and appeared before them, but refused to be sworn, and conducted himself improperly and disrespectfully toward the jury. The plaintiff, who was the officer in attendance on the grand jury, was directed by them to detain the defendant in custody, that he might be brought before the court, to be dealt with for his refusal to be sworn, and his improper and disrespectful conduct toward the jury. For the purpose of considering the question raised in the case, the above statement may be taken as setting out the substance and effect of the action of the jury, without stating the par *339 ticulars contained in the report. While the plaintiff, as such officer in attendance upon the grand jury, had the defendant in his custody, by their direction and authority, for the cause aforesaid, and for the purpose of taking him to the court to obtain their direction and aid in the matter, the defendant committed the assault and battery upon the plaintiff, which form the subject of this suit.
The fact stated in the report, that the judge was out of town, is not a material fact in this case, as the length of time, during which the defendant was actually detained, was not sufficient to raise any distinct question on that ground, if any could ever be raised when the detention was not longer than was necessary to take the party before the court. But still the fact, that the judge was absent from the city in which the jury was sitting, is a fact worthy of notice. As the grand jury is an appendage of the court, is organized by the court, sits and deliberates under the authority of the court, and may at all times apply to the court for instructions and aid, it is essential that there should at all times be a court, to which the jury can have access.
In the present case, in the court below the defendant filed a specification of defence, that the alleged assault and battery were made in self defence, and to free himself from unlawful restraint and detention, and that he used no more force than was necessary for this purpose. The judge instructed the jury, that the plaintiff, acting as an officer under a verbal direction from the district attorney or grand jury, or from both of them," had no authority to detain the defendant or to restrain him, for the purposes aforesaid; that the defendant had a right to free himself from such unauthorized detention and restraint, and, if he used no more force than was necessary for this purpose, was not liable to the plaintiff in this action.
The inquiry is, whether this instruction was correct. The question may be briefly stated to be, whether, when a witness is duly summoned to appear before the grand jury, and appears, but refuses to be sworn, or to answer questions proposed to him, and accompanies his refusal with profanity and disrespectful conduct toward the jury, they can lawfully direct *340 and require the officer in attendance upon them to take the witness into custody, and take him to the court for the purpose of obtaining its aid and direction. This is certainly a grave question, as practically affecting the powers of a grand jury to perform then: important duties. There is much interesting learning in the books of the law, in regard to the antiquity, the origin, the character, the course of proceeding, and the powers of grand juries, and as to their legal relation to the court. In the several states of this union, different provisions have been made and different views are entertained in regard, among other things, to the qualifications, the powers, and the course of proceedings of these bodies.
But with reference merely to the present case, it will be sufficient to consider the powers of grand juries, and their legal relations to the court, under and by virtue of the laws of this commonwealth; but, though particular reference will be had to the laws of this commonwealth, yet, it is believed, that there is nowhere any adjudged case, or any established principle of law, which conflicts with the opinion which the court have formed.
The legislature, recognizing a grand jury as an existing portion of our judicial system, have made various provisions in regard to selecting, summoning and returning them to court, and in regard to organizing them and regulating their proceedings. The court issues its process for the return of grand jurors, and they are returned to the court to serve at the term or terms thereof; the court is the judge of their qualifications; they are sworn in court, and charged by the court; and being thus organized and impanelled in court, and by the authority of the court, they retire with the officer appointed to attend them. By their oath the jury are diligently to inquire, and true presentment make, of all such matters and things as shall be given them in charge. Their inquiries a,re thus confined to the jurisdiction of the court, for which they inquire. Witnesses may be summoned and brought in by capias, if necessary, by the court, and be sworn in court to testify before the grand jury, and are amenable to the court, whose province it is to decide such questions as may arise in *341 regard to the obligation of witnesses to be sworn, or to answer interrogatories, and the court have the power to enforce their decisions, by commitment for contempt. The bills found by the grand jury, with a list of all witnesses sworn before them are returned to the court, and their presentments are made to the court, and when their labors are ended, they are dismissed oy the court. The grand jury, therefore, like the petit jury, is an appendage of the court, acting under the authority of the court, and the witnesses summoned before them are amenable to the court, precisely as' the witnesses testifying before the petit jury are amenable to the court.
These views are supported by adjudged cases as well as by familiar principles.
In the case of Rex v. Hunter, 3 Car. & P. 591, the grand jurors came into court, and lord Deerhurst stated, “that a lady named Parratt, who was a witness on this indictment, had refused to produce certain deeds, which it was material for the grand jury to see; neither of these deeds being the deed alleged to be forged; and his lordship further stated, that the grand jury wished to know whether they could compel the production of these deeds.” Mr. Justice Park (having conferred with Mr. Justice J. Parke) said: “ My learned brother and myself are of opinion, that, if these deeds form a part of the evidence of this lady’s title to any part of her own estate, you cannot compel her to produce them; but if it should appear, that they do not relate to the title of any part of her estate, she is bound to produce them before you.” Here the court took jurisdiction of the question, as to the obligation of the witness before the grand jury to produce the papers called for, and would no doubt have enforced their decision, if necessary, by the compulsory process of the court against the witness.
So in the case of Ward v. The State, 2 Missouri, 120, a witness before the grand jury refused to answer a question, on the ground that he could not answer without implicating him self, but the court ruled that he was bound to answer, and upon his persisting in his refusal to answer, the court committed him to prison, till he should consent to give the evh *342 dence required, and till the further order of the court. It does not appear in what particular manner or form this matter was brought before the court, but the court took cognizance of the question, as to the legal obligation of the witness to give the evidence required, and enforced its decision by committing him to prison, and it was expressly held, that the grand jury act under the authority of the court.”
In truth, it is the result of the authorities as well as of just reasoning, that the grand jury is an appendage of the court acting under its authority, and that the witnesses before the grand jury are subject to the lawful authority and control of the court in the same manner, as are the witnesses before the jury of trials; the practical difference consisting in the fact, that the witnesses before the grand jury do not, as do the witnesses before the jury of trials, testify in the presence and under the eye of the court. It is this difference, which has given rise to the question in the present case.
Various reasons have been assigned by different writers for the secrecy observed in the proceedings of grand juries, and by some this secrecy has been regarded as deforming judicial proceedings under the common law, whose publicity, it has been said, is their honest boast. Contrary to the general usage, in some of the United States, it is understood, that, persons accused are permitted to appear before the grand jury and examine the witnesses. This is not allowed under our judicial system; and though contrary to the general spirit óf our institutions, which court publicity, yet grand jurors, for wise purposes, are bound to secrecy by the terms of their oath. But upon this subject it is not needful now to enlarge.
In examining the question under consideration, it is necessary to refer to the duties of grand juries. It is their duty, to the performance of which they are bound by their oath of office, diligently to inquire and true presentment make, of all such matters and things as shall be given them in charge. But how are they to inquire? They can inquire only by examining witnesses whom they have a right to have summoned and compelled to appear before them, and to submit to be examined on oath, and to answer interrogatories *343 and give evidence. But if a witness refuses to be sworn, alleging that he is under no legal obligation to take the oath; or refuses to answer an inquiry on the ground that he is not bound by law to give the evidence required; what shall the jury do? These are questions of law, which they cannot decide, and if they could, they have no compulsory power, independent of the court, to enforce their decision. These are questions which can be settled only by the court, and the court only has the power to compel a witness to do, what may be adjudged by the court to be his duty.
If, therefore, a witness refuses to be sworn, or to answer inquiries and give evidence, or misbehaves, the jury cannot perform the duty imposed upon them by law, without the aid of the court. But how shall that aid be obtained? The court cannot be required to go to the jury-room, and if it could, it might be wholly unavailing, if the jury have no power to detain the witness, to await the action of the court. If, then, grand juries have not the lawful authority and power to detain a witness, and take him to the court to obtain the decision of the court on questions of law, and to get the aid of the compulsory power of the court to enforce the decision, they are without the power necessary to enable them to perform the duties imposed on them by law; the law requires them to perform duties, which they have not the power by law to perform. Now, it is admitted that there is no direct, express, provision of law, common or statutory, which gives to grand juries, in terms, the power to detain a witness in custody, and take him before the court; but if there be a well known and acknowledged principle of law, which clearly and fully warrants the exercise of that power, that is as sufficient and satisfactory as an express provision; an implied power is just as legitimate as an express power. The court cannot make laws, but the court may and should apply an admitted principle of law to new cases, as they may arise, and fall within the operation of the principle.
There is a principle of law of great antiquity, universally known, and admitted, and acted on, which fully sustains the position, that the grand jury have an implied power to detain *344 a witness in custody and take him before the court, when necessary to get the aid of the court to compel him to give evidence. This principle of the law is thus stated, in substance, by lord Coke: Where a statute gives power to the justices to require any person to take the oaths, or do any other thing, the law, by necessary implication, gives them power to issue their precept to arrest the parties, for when the law granteth anything to any one, that also is granted without which the thing itself cannot be used; it is against the office of the justices, and the authority given them by the law, that they should go and seek the parties. 12 Co. 131; Dwarris on Statutes, (2d ed.) 671.
The case above stated is very strongly analogous to the present case. It was held that the justices, without any express power, had an implied power to issue their precept to bring parties before them, because the statute gave the justices .express power to require any person “ to take the oaths,” and to exercise their express power it was necessary to bring the parties before them.
So in the present case, the grand jury had a duty to perform, in the performance of which they had a right to the aid of the compulsory power of the court, to compel the witness to give evidence; but in the language of lord Coke, “ it is against the office of the justices and the authority given them by law” that they should go to the jury or the witness; and it was therefore necessary, and the jury consequently had the implied power, to detain the witness and take him to the court. In truth, without the power to take refractory witnesses, or witnesses who honestly interpose unfounded objections to giving evidence, before the court, for its direction and aid, the grand jury would be wholly unable to perform the duties imposed upon them by law.
No act of congress confers on the United States courts the right to summon grand juries or describes their powers. The laws of congress have invested the courts of the United States with criminal jurisdiction, and since the jurisdiction can only be exercised through the instrumentality of grand juries, the .power to summon them results by necessary implication. *345 Hence, the powers of grand juries are coextensive with, and are limited by, the criminal jurisdiction of the court, of which they are an appendage. United States v. Hill, 1 Brock. 156. The doctrine of that case, as to power by implication, applies with conclusive force to the present case.
The general rule is well established, that when a general power is given or duty enjoined, every particular power, necessary for the exercise of the one, or the performance of the other, is given by implication. Quando aliquid mandatur, mandatur et omne per quod pervenitur ad illud. Foliamb's case, 5 Co. 115 b; Miller v. Knox, 4 Bing. N. R. 574, 583; Overseers of Pittstown v. Overseers of Plattsburgh, 18 Johns. 407, 418; Field v. The People, 2 Scam. 79; Witherspoon v. Dunlap, 1 McCord, 546.
The present case comes clearly within the general principle. The witness here not only refused to be sworn, but accompanied his refusal with profanity and disrespectful conduct to the jury. A power to detain such a witness and take him to the court is manifestly essential to enable the jury to exercise the powers expressly given them, and to perform the duties imposed upon them by law. To hold that a grand jury have no power to protect themselves against indignities from a refractory witness, would seem clearly to be inconsistent with the powers they possess, and the high and important duties which they are called upon to perform. The express provision of the statute, that there shall be an officer appointed to attend upon the grand jury, is not without its significance. It may be proper to suggest as a matter of form, that it may be suitable, whenever the grand jury have occasion to take a witness to the court, that the jury themselves should go into court with the officer and the witness, that the questions may be stated, or the decision of the court made, in the presence both of the jury and the witness.
The decision of the court in this case is, that the grand jury had, under the circumstances, rightful authority and power to require the officer to detain the defendant in custody and take him to the court to be dealt with, and that the restraint and detention of the defendant by the plaintiff was *346 not unlawful but lawful, and that the justification set up by the defendant for the assault and battery committed by him on the officer, cannot upon the facts of the case be maintained. The exceptions to the ruling of the court below are therefore sustained, and the verdict set aside and a new trial granted, in the court of common pleas.